Filing # 111297211 E-Filed 08/05/2020 09:20:04 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO:
DIVISION:

BRANTLEY RUSSELL,

    Plaintiff,

v.

BELK, INC., A Foreign Profit Corporation,
and SCHINDLER ELEVATOR CORPORATION,
A Foreign Profit Corporation,

    Defendants.
_____/

## COMPLAINT

    Plaintiff, BRANTLEY RUSSELL, by and through his undersigned attorney, sues Defendants, BELK, INC., A Foreign Profit Corporation, and SCHINDLER ELEVATOR CORPORATION, A Foreign Profit Corporation, and alleges:

    1.    This is an action for damages in excess of $30,000.00, exclusive of attorneys' fees, interest and costs, and Plaintiff hereby demands a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by Plaintiff is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 21, Florida Constitution

    2.    At all times material hereto, Plaintiff, BRANTLEY RUSSELL, was a resident of Orange Park, Clay County, Florida.

3. At all times material hereto Defendant, BELK, INC. (hereinafter referred to as "BELK"), was a Foreign Profit Corporation and authorized to and was doing business in the State of Florida, in particular Orange Park, Clay County, Florida.

4. Defendant, BELK, owned an elevator located at a retail store within the Orange Park Mall, named "Belk", at 1910 Wells Road, Lot 44, Orange Park, Florida 32073.

5. At all times material hereto, Defendant, SCHINDLER ELEVATOR CORPORATION (hereinafter "SCHINDLER") was authorized to and was doing business in the State of Florida and owning/servicing an elevator located at a retail store within the Orange Park Mall, named "Belk", at 1910 Wells Road, Lot 44, Orange Park, Florida 32073.

6. Venue is appropriate as the incident occurred in Orange Park, Clay County, Florida.

## GENERAL ALLEGATIONS

7. At all times material hereto, Defendant, BELK, was conducting business as a retail store which was in possession of, owned, maintained, managed, and/or controlled the property including the elevator, located at 1910 Wells Road, Lot 44, Orange Park, Clay County, Florida 32073 within the Orange Park Mall.

8. At all times material hereto, Defendant, SCHINDLER, was in possession of, maintained, managed, repaired and/or controlled the elevator located at the address of 1910 Wells Road, Lot 44, Orange Park, Clay County, Florida 32073 within Defendant, BELK's property.

9. On or about November of 2019, Defendant, BELK, was open to the public and members of the public were invited therein.

10. On or about November 6, 2019, Plaintiff, BRANTLEY RUSSELL, was on the Defendant, BELK'S, premises for purposes of shopping.

11. On or about November 6, 2019, Plaintiff, BRANTLEY RUSSELL, attempted to use the elevator when the elevator malfunctioned and Plaintiff, BRANTLEY RUSSEEL, tripped and fell on the mis-leveling that was caused when the elevator malfunctioned.

12. Plaintiff, BRANTLEY RUSSEEL, sustained serious and permanent injuries as a result of the elevator malfunctioning.

## COUNT I - NEGLIGENCE
## BELK, LLC

Plaintiff reincorporates paragraphs 1-12 herein, and further states:

13. At that time and place, Plaintiff, BRANTLEY RUSSELL, was on said property of the Defendant as a business invitee.

14. On or about November 6, 2019, Defendant, BELK, negligently, carelessly and without due regard or concern for the safety of the Plaintiff, negligently maintained the above-mentioned property and facility so as to create, cause, allow or contribute to or assist in the creation of dangerous and defective conditions in its facility, including the elevator and associated equipment, that caused Plaintiff to be injured by the elevator which was maintained, managed, repaired and/or controlled by Defendant, BELK, resulting in serious bodily injury to the Plaintiff.

15. The dangerous and defective condition existed in sufficient time for the Defendant, BELK, to have actual and/or constructive notice of such condition and to correct same which Defendant had a duty to do and which the Defendant negligently and carelessly failed and neglected to do. Such negligent acts and or omission of the Defendant include:

    a. knew of or should have known that the elevator and associated equipment was a hazard to its invitees such as the Plaintiff;

b. knew of or should have known that the improper maintenance of the elevator was a hazard to its invitees, such as the Plaintiff;

c. with the knowledge that the elevator and improper maintenance of the elevator and associated equipment was a hazard and negligently failed to properly maintain the elevator;

d. negligently failed to correct hazardous and improperly maintain the elevator and associated equipment that would have been discoverable with reasonable inspection of the elevator and associated equipment;

e. negligently failed to inspect the elevator and associated equipment;

f. failed to properly hire, supervise, and control personnel to maintain the elevator and associated equipment; including work performed by contractors and/or subcontractors

g. failed to properly inspect the elevator and associated equipment;

h. failed to have in place policies and procedures for inspection and maintenance of the elevator and associated equipment on Defendant BELK'S premises, or in the alternative failed to follow its policies and procedures for inspection and maintenance of the elevator and associated equipment;

i. failed to warn the Plaintiff of the dangerous condition of the elevator for which Defendant was aware or should have been aware;

j. failed to make the premise safe from known hazardous conditions in the building that might foreseeably give rise to loss, injury or damage to invitees lawfully on the premises, such as the Plaintiff.

16. In the alternative, Defendant, BELK, created the dangerous condition by improperly installing and/or repairing the subject elevators.

17. As a result, Plaintiff, BRANTLEY RUSSELL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff, BRANTLEY RUSSELL, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff, BRANTLEY RUSSELL, demand trial by jury on all issues so triable and a judgment against BELK, INC. for general damages; special damages; costs of suit incurred in this action, and; all further relief as the Court may deem reasonable and proper.

## COUNT II – NEGLIGENCE
## SCHINDLER ELEVATOR CORPORATION

Plaintiff reincorporates paragraphs 1-12 herein, and further states:

18. On or about November 6, 2019, Defendant, SCHINDLER, was contracted for maintaining/servicing the elevator, which was in the Defendant's, BELK, building located at 1910 Wells Road, Lot 44, Orange Park, Clay County, Florida 32073.

19. At all times material, Defendant, SCHINDLER, was a service contractor and/or operator of the elevator on said premises and had a duty to maintain the elevator in a reasonably safe condition.

20. At all times material, Defendant, SCHINDLER, negligently, carelessly and without due regard or concern for the safety of the Plaintiff, negligently maintained and/or repaired the above-mentioned elevator so as to create, cause, allow or contribute to or assist in the creation of dangerous and defective conditions in the elevators and associated equipment, that caused Plaintiff to be injured resulting in serious bodily injury to the Plaintiff.

21. The dangerous and defective condition existed in sufficient time for the Defendant, SCHINDLER, to have actual and/or constructive notice of such condition and to correct same which Defendant had a duty to do and which the Defendant negligently and carelessly failed and neglected to do. Such negligent acts and or omission of the Defendant include:

    a. knew of or should have known that the elevator and associated equipment was a hazard to its invitees such as the Plaintiff;

    b. knew of or should have known that the improper maintenance of the elevator was a hazard to its invitees, such as the Plaintiff;

    c. with the knowledge that the elevator and improper maintenance of the elevator and associated equipment was a hazard and negligently failed to properly maintain the elevator;

    d. negligently failed to correct hazardous and improperly maintain the elevator and associated equipment that would have been discoverable with reasonable inspection of the elevator and associated equipment;

    e. negligently failed to inspect the elevator and associated equipment;

    f. failed to properly hire, supervise, and control personnel to maintain the elevator and associated equipment; including work performed by contractors and/or subcontractors

    g. failed to properly inspect the elevator and associated equipment;

    h. failed to have in place policies and procedures for inspection and maintenance of the elevator and associated equipment on Defendant BELK'S premises, or in the alternative failed to follow its policies and procedures for inspection and maintenance of the elevator and associated equipment;

    i. failed to warn the Plaintiff of the dangerous condition of the elevator for which Defendant was aware or should have been aware; and

    j. failed to make the premise safe from known hazardous conditions in the building that might foreseeably give rise to loss, injury or damage to invitees lawfully on the premises, such as the Plaintiff.

22. In the alternative, Defendant, SCHINLDER, created the dangerous condition by improperly installing and/or repairing the subject elevators.

23. As a result, Plaintiff, BRANTLEY RUSSELL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff, BRANTLEY RUSSELL, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff, BRANTLEY RUSSELL, demand trial by jury on all issues so triable and a judgment against SCHINDLER ELEVATOR CORPORATION for general damages; special damages; costs of suit incurred in this action, and; all further relief as the Court may deem reasonable and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served with the Interrogatories and Request to Produce via certified process server.

FARAH & FARAH, P.A.

*Savannah L. Cooley, Esquire*
Florida Bar No.: 112197
10 West Adams Street
Jacksonville, FL 32202
(904) 807-3165 (T/F)
Scooley@farahandfarah.com
Attorney for Plaintiff